943 F.2d 50
 NOTICE: Fourth Circuit I.O.P. 36.6 states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Fourth Circuit.
UNITED STATES of America, Plaintiff-Appellee,
v.
James Wayne CALLOWAY, Defendant-Appellant.
 No. 90-5252.
 United States Court of Appeals, Fourth Circuit.
 Submitted April 30, 1991.
Decided Aug. 26, 1991.
 
 Appeal from the United States District Court for the Southern District of West Virginia, at Charleston. Charles H. Haden, II, Chief District Judge. (CR-90-183-2)
 George H. Lancaster, Jr., Assistant Federal Public Defender, Charleston, W.Va., for appellant.
 Michael W. Carey, United States Attorney, William J. Powell, Assistant United States Attorney, Charleston, W.Va., for appellee.
 S.D.W.Va.
 AFFIRMED.
 Before WIDENER, MURNAGHAN and WILKINS, Circuit Judges.
 OPINION
 PER CURIAM:
 
 
 1
 James Wayne Calloway entered a guilty plea to a charge of being a convicted felon in possession of a firearm in violation of 18 U.S.C. § 922(g)(1). His plea was conditional on his right to appeal the district court's denial of his motion to suppress a gun obtained by the police after a warrantless "stop and frisk." Because we find that the police discovered the gun pursuant to a valid stop and frisk under Terry v. Ohio, 392 U.S. 1 (1968), we affirm the trial court's denial of appellant's motion to suppress.
 
 
 2
 On the evening police stopped Calloway, a citizen called the police and informed them that she had heard gunshots in the alley behind her home and then observed two males and a female walking down a driveway next to her house. She provided the police with a description of a black male who separated from the group and walked away from the scene. Her description included height, weight, approximate age, and the clothing he was wearing.
 
 
 3
 The dispatcher relayed this information to patrolling police units and the officer closest to the scene observed appellant a few blocks from the complainant's house. Calloway fit the provided description and walked in the same direction she had stated. The officer radioed that she had a suspect in view and then ordered Calloway and a female accompanying him to stop and raise their hands. The officer gave this order over her car's "PA system."
 
 
 4
 A second police officer soon arrived on the scene, and instructed Calloway to place his hands on the hood of the car. As he did so, Calloway spontaneously stated that he had not fired any weapon. The officer frisked Calloway and found a .22 caliber revolver in his waistband. The gun's cylinder contained three spent cartridges.
 
 
 5
 Though this Court must make an independent determination on the legality of the police officers' stop of Calloway, the district court's factual findings should not be disturbed unless they are clearly erroneous. United States v. McCraw, 920 F.2d 224, 227 (4th Cir.1990).
 
 
 6
 A brief investigative stop is permissible whenever the police officer has a reasonable suspicion grounded in specific and articulable facts that the person he stopped has been or is about to be involved in a crime. United States v. Hensley, 469 U.S. 221 (1985). If the officer reasonably fears the person detained may be armed and dangerous, he may conduct a limited search of the person's clothing "confined in scope to any intrusion reasonably designed to discover guns, knives, clubs, or other hidden instruments for the assault of the police officer." Terry, 392 U.S. at 29. The presence or absence of reasonable suspicion must be determined in light of the totality of the circumstances confronting a police officer, including all information available to an officer and any reasonable inferences to be drawn at the time of the decision to stop a suspect. United States v. Crittendon, 883 F.2d 326 (4th Cir.1989) (citations omitted).
 
 
 7
 There is no evidence that the police officer's frisk of Calloway was not sufficiently limited in scope for the purpose of discovering weapons. Since there was a recent report of shots being fired in the vicinity, and appellant fit the given description and was just a few blocks from the scene, the officers reasonably believed that Calloway or his companion might be armed. We therefore conclude that the stop and frisk were proper and sufficiently limited to meet the Terry test.
 
 
 8
 The record discloses that one officer spotted Calloway a few blocks from the complainant's house, fitting the reported description, walking away from the scene in the described direction, at a late hour in the evening. There is no evidence that anyone other than the female with Calloway was in the vicinity. All of these factors combine to support the district court's finding that the police officers had reasonable suspicion to stop and frisk Calloway. See United States v. Moore, 817 F.2d 1105 (4th Cir.), cert. denied, 484 U.S. 965 (1987). We therefore affirm the district court's denial of Calloway's motion to suppress the gun and Calloway's resulting conviction.
 
 
 9
 We dispense with oral argument because the facts and legal contentions are adequately presented and argument would not aid the decisional process.
 
 
 10
 AFFIRMED.